# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| 9 SQUARE IN THE AIR, LLC, a Missouri limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MOUNTAINVILLE COMMERCE, LLC, d/b/a CASTLESQUARES d/b/a CASTLE SPORTS, a Utah limited liability company; BART BOGGESS, an individual; JERRY BOGGESS, an individual; and IAN BOGGESS, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-00335-HCN-JCB<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Jared C. Bennett |
| MOUNTAINVILLE COMMERCE, LLC, d/b/a CASTLESQUARES d/b/a CASTLE SPORTS, a Utah limited liability company; BART BOGGESS, an individual; JERRY BOGGESS, an individual; and IAN BOGGESS, an individual,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>9 SQUARE IN THE AIR, a Missouri limited liability company; and STEVE OTEY, an individual,<br><br>Counterclaim Defendants. | |

District Judge Howard C. Nielson, Jr. referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendants/Counter Claimants Bart Boggess, Ian Boggess, Jerry Boggess, and Mountainville Commerce, LLC d/b/a Castlesquares d/b/a Castle Sports's (collectively, "Defendants") Short Form Discovery Motion to Exclude April 2, 2024 Expert Report of Rhonda Harper[2] and the parties' supplemental briefing ordered by the court.[3] The court heard oral argument on Defendants' motion, and, after the hearing, took the motion under advisement.[4] Having carefully considered the parties' written memoranda and oral arguments, the court grants in part and denies in part Defendants' motion.

## BACKGROUND

Plaintiff 9 Square in the Air, LLC ("9 Square") is a recreational game company that specializes in the manufacture and sale of a game called "9 Square in the Air."[5] 9 Square alleges that Defendants have created a game that is confusingly similar to 9 Square in the Air, in violation of the Lanham Act, 15 U.S.C. § 1125 and Utah state law.[6]

On January 11, 2024, 9 Square served its Fed. R. Civ. P. 26(a)(2)(A) expert disclosures identifying Rhonda Harper, MBA/BS ("Ms. Harper") as a "marketing and research survey expert with regard to relevant forward consumer confusion."[7] Eight days later, 9 Square timely

---

[1] ECF No. 4.
[2] ECF No. 60.
[3] ECF No. 72, ECF No. 73.
[4] ECF No. 74.
[5] ECF No. 35 at 3, ¶ 10.
[6] *Id.* at 2, ¶ 1.
[7] ECF No. 60-3 at 3.

produced Ms. Harper's Expert Survey Report, which focuses exclusively on a trademark confusion survey Ms. Harper conducted and the results of this survey ("Original Report").[8]

Defendants subsequently served their Expert Rebuttal Report ("Rebuttal Report") by Aaron R. Brough, Ph.D. ("Dr. Brough") rebutting Ms. Harper's survey methodology and results in the Original Report.[9] In response to Dr. Brough's opinions, 9 Square withdrew the Original Report and, on April 2, 2024, produced Ms. Harper's Expert Report ("New Report"), which abandoned Ms. Harper's survey-related opinions and replaced them with new opinions concerning trademark *and* trade dress confusion concerning the parties' various advertising and marketing channels.[10] The New Report is not based on any information acquired after Ms. Harper submitted the Original Report. Instead, the New Report was created after Ms. Harper discovered a material defect in her survey design and sought to resolve this error by opining without the survey.[11]

## LEGAL STANDARDS

Fed. R. Civ. P. 26 governs the disclosure of expert testimony. Fed. R. Civ. P. 26(a)(2)(B)(i) provides that a written expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Parties have thirty days after another party's expert disclosure to produce any expert evidence "intended solely to contradict or rebut evidence on the same subject matter identified by another party."[12] Rule 26

---

[8] ECF No. 60-2.
[9] ECF No. 62.
[10] ECF No. 61.
[11] ECF No. 67.
[12] Fed. R. Civ. P. 26(a)(2)(D)(ii).

also imposes an affirmative duty on parties to supplement or correct their expert report "if the party learns that in some material respect the disclosure or response is incomplete or incorrect."[13] However, Rule 26(e) "does not permit a party to use the supplementing procedure to submit an amended or rebuttal report not based on new information."[14] Instead, "supplementation is permissible only to address additional or corrective information that was unavailable when the expert made his or her initial report, or to make relatively minor changes that simply correct inaccuracies in the original report."[15]

Where a supplemental expert opinion improperly "attempts to strengthen or deepen opinions expressed in the original expert report," exclusion of the report under Fed. R. Civ. P. 37 is a possible remedy.[16] Rule 37 provides,

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.[17]

---

[13] Fed. R. Civ. P. 26(e)(1)(A).

[14] *Sibley v. Sprint Nextel Corp.*, No. 08-2063-KHV, 2013 WL 1819773, at *3 (D. Kan. Apr. 30, 2013).

[15] *FTC v. Nudge*, No. 2:19-CV-00867, 2022 WL 823933, at *4 (D. Utah Mar. 18, 2022) (citation and quotations omitted).

[16] *See, e.g.*, *Bernaquer v. Circle K Stores Inc.*, No. 1:21-CV-01259-CNS-NRN, 2023 WL 2664205, at *2 (D. Colo. Mar. 28, 2023); *Kehler v. Bridgestone Americas Tires Ops., LLC*, No. 15-CV-127-J, 2016 WL 6080230, at *4 (D. Wyo. Aug. 3, 2016); *Oklahoma v. Tyson Foods, Inc.*, No. 05-CV-329-GFK-PJC, 2009 WL 2252129, at *2 (N.D. Okla. July 24, 2009).

[17] Fed. R. Civ. P. 37(c)(1).

Because exclusion of an expert report is an extreme remedy, Rule 37 affords courts discretion to impose lesser alternative sanctions, such as ordering the payment of reasonable expenses, including attorney's fees, caused by the party's failure.[18]

Fed. R. Civ. P. 16 provides a scheduling order "may be modified only for good cause and with the judge's consent."[19] This rule also provides "the court may issue any just orders" if a party "fails to obey a scheduling order."[20]

## ANALYSIS

At oral argument, the court concluded the New Report was not a proper Rule 26(e) supplement but, rather, served as a wholesale replacement of the Original Report. Even a cursory review of the New Report demonstrates the survey that was the basis of the Original Report is completely jettisoned in the New Report, the New Report contains opinions that did not appear in the Original Report, and these new opinions appear responsive to Dr. Brough's opinion pointing out research flaws in the Original Report. Even so, 9 Square argues that the New Report must be a permissible supplement because Ms. Harper reached the same overall opinion in both reports of the "likelihood" of customer confusion based on Defendant's actions.[21] Thus, 9 Square asks the court to conclude that same expert + same subject matter = same overall opinion.[22] However, if this were the acceptable practice:

> [T]here would be no finality to any opinion. Each side, in order to buttress its case or to expand it[s] theory could 'supplement' existing

---

[18] Fed. R. Civ. P. 37(c)(1)(A).

[19] Fed. R. Civ. P. 16(b)(4).

[20] Fed. R. Civ. P. 16(f)(1)(C).

[21] ECF No. 73 at 3.

[22] *Id.* at 3-4.

reports with new or expanded opinions. Such a practice would circumvent case management deadlines and would hinder rather than facilitate the ultimate disposition of litigation.[23]

The New Report is not a Rule 26(e) supplement; it is a do-over. It is an entirely new report after the flaws in the first report were exposed in Dr. Brough's rebuttal report. Therefore, the remaining issue before the court is whether exclusion of the New Report is the proper remedy under Rule 37. As shown below, applying the factors prescribed by the Tenth Circuit in *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*,[24] the court concludes (I) exclusion of the New Report is an inappropriate remedy; and instead, (II) awards Defendants' the payment of reasonable expenses and attorney's fees caused by the New Report and extends expert discovery to allow Defendants the opportunity to properly rebut the New Report.

### I. Exclusion of the New Report is an Inappropriate Remedy.

Impermissible Rule 26(e) supplements are subject to exclusion under Rule 37 "unless the failure was substantially justified or is harmless."[25] In deciding whether a Rule 26(e) violation is justified or harmless, courts consider:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.[26]

---

[23] *Davis v. Provident Life & Accident Ins. Co.*, No. 01-799 MV/LFG, 2003 WL 27385286, at *4 (D.N.M. Apr. 4, 2003).

[24] 170 F.3d 985 (10th Cir. 1999).

[25] Fed. R. Civ. P. 37(c)(1).

[26] *Woodworker's Supply, Inc.*, 170 F.3d at 993 (10th Cir. 1999).

Although 9 Square's impermissible supplement was not harmless, Defendants have not demonstrated that the *Woodworker's* factors weigh in favor of the exclusion of the New Report. The court assesses each factor in order.

As to the first *Woodworker's* factor, Defendants assert the New Report prejudices Defendants because they incurred over $40,000 in expert and attorney fees rebutting the Original Report and preparing for Ms. Harper's deposition,[27] which was scheduled to occur two days after 9 Square withdrew the Original Report.[28] Though this is certainly a resulting harm of the New Report, incurring expenses does not hinder Defendants from presenting their case and, as discussed below, is curable by methods other than exclusion.

As to factor two, any prejudice to Defendants is readily curable under Rule 37(c)(1)(A) and (C).[29] Although the New Report resulted in unnecessary time and expense for Defendants, they can made "whole" through reimbursement of costs associated with Defendants' rebuttal of the Original Report as well as preparation for Ms. Harper's deposition that was postponed after receipt of the New Report. Additionally, since the production of the New Report effectively restarts expert discovery, the court can reset expert discovery deadlines to allow Dr. Brough to draft a new rebuttal report or for Defendants to retain another expert, if necessary, to rebut the New Report. Further prejudice to Defendants is mitigated because no expert for Defendants

---

[27] ECF No. 72 at 10.

[28] ECF No. 60 at 2.

[29] "In addition to or instead of [exclusion], the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . . (C) may impose other appropriate sanctions."

relies upon Dr. Brough's current opinion and Ms. Harper has yet to be deposed. Therefore, this factor weighs against exclusion.

Concerning the third factor, trial is not disrupted because trial is not yet scheduled.[30] Defendants argue that if the court permits 9 Square's use of the New Report, this will effectively restart expert discovery "creating a ripple effect to the remaining dates and deadlines,"[31] including a trial date. Thus, Defendants argue excluding the New Report promotes the court's "policy" of preventing the delay of trial. However, disruption to trial—i.e., disclosing an expert opinion on the eve of trial such that the opposing party might require a new trial witness[32]—is distinct from the postponement of trial. And, contrary to Defendants' "policy" assertion, the Tenth Circuit Court of Appeals appears to take a forgiving approach to any such postponement so a case may be fully developed.[33] This factor also weighs against exclusion.

Finally, Defendants have not demonstrated that 9 Square's Rule 26 failure was made willfully.[34] Ms. Harper's New Report resulted from a material error in the survey on which the Original Report was based. Such an oversight on Ms. Harper's part amounts to negligence, not

---

[30] ECF No. 59 (operative scheduling order).

[31] *Kehler*, 2016 WL 6080230, at *5.

[32] *See, e.g.*, *Coffey v. United States*, No. CIV 08-0588 JB/LFG, 2012 WL 2175747, *14 (D.N.M. May 26, 2012) (concluding that there was no significant disruption to trial because "[t]his situation is not one where [Plaintiff] waited until the eve of trial to disclose [the supplementation of her expert report].").

[33] *See, e.g.*, *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 605-06 (10th Cir. 1997) (reversing exclusion of expert for late disclosure and stating: "Zeal to dispose of pending litigation, commendable in itself, [should not result] in deprivation of reasonable opportunity to make adequate preparation for trial.").

[34] At oral argument, Defendants conceded 9 Square had not acted in bad faith, so the court need not address this issue.

willfulness. Defendants argue that, regardless of the need to correct the survey mistake, 9 Square deliberately chose not to include analysis concerning both trademark and trade dress confusion—including an assessment of the parties' advertising and marketing channels—in the Original Report. However, the court has no reason to believe the failure to include this opinion was willful on 9 Square's part. Instead, it is more likely that 9 Square counterfactually believed the New Report in all its additions qualified as a permissible supplement under Rule 26(e). There is no evidence that 9 Square intentionally withheld the information that appears in the New Report or willfully violated the scheduling order, so this factor also weighs against exclusion.[35]

Considering these factors, exclusion of the New Report is too harsh a sanction, especially given the court's "strong predisposition to resolve cases on their merits."[36] Specifically, striking the New Report is potentially dispositive of 9 Square's claims because Ms. Harper's is the sole opinion proffered by 9 Square regarding consumer confusion. However, because Defendants have suffered monetary prejudice because of 9 Square's wholesale abandonment of the Original

---

[35] At oral argument, Defendants argued that beyond being an impermissible 26(e) supplement, the New Report also went beyond the scope of 9 Square's expert disclosures under Rule 26(a)(2)(B)(i). However, Defendants have not provided the court with authority, nor has the court uncovered such a case, demonstrating that Rule 26(a) disclosures are completely binding on a report's scope. To the contrary, Rule 26(e) itself recognizes that the duty to supplement disclosures exists only where the "additional or corrective information has not otherwise been made known to the other party during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). The New Report disclosed the new scope of Ms. Harper's opinions, and discovery deadlines will be extended to ensure that Defendants have ample opportunity to scrutinize those new opinions. Thus, the court need not engage in a second *Woodworker's* analysis about whether the New Report goes beyond the bounds of 9 Square's Rule 26(a) disclosures because the new report clearly discloses Ms. Harper's new opinions in writing. ECF No. 60-3 at 3. Thus, excluding the New Report for exceeding the scope of the Rule 26(a) disclosure is not warranted.

[36] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

Report and reliance on the very different New Report, the court will exercise its discretion to craft a more appropriate sanction under Rule 37(c).[37]

### II. The Court Awards Defendants' Reasonable Expenses and Attorney's Fees Caused By the New Report and Extends Expert Discovery to Allow Defendants the Opportunity to Properly Rebut the New Report.

In lieu of precluding the New Report, the court imposes more appropriate sanctions for 9 Square's Rule 26(e) violation. Rule 37(c)(1) allows the court discretion to impose lesser sanctions as an alternative to exclusion, such as the payment of reasonable expenses, including attorney's fees caused by a party's failure under Rule 26(e).[38] Accordingly, 9 Square shall be required to compensate Defendants for the expenses incurred in rebutting the Original Report and preparing for Ms. Harper's deposition. The court finds this appropriately remedies 9 Square's failure concerning the Original Report.

Thus, on or before June 5, 2024, Defendants shall submit to 9 Square an affidavit and costs memorandum detailing the amount of reasonable expenses, including attorney fees, that Defendants incurred in connection with (1) Dr. Brough's rebuttal to the Original Report and (2) preparation for Ms. Harper's deposition. The parties shall then have until June 19, 2024 to

---

[37] 9 Square contends that its impermissible supplement is akin to the supplement in *Nudge*, 2022 WL 823933, at *5. However, in *Nudge*, the court found the new expert reports caused minimal prejudice to defendants because "[t]he revisions [could not] fairly be characterized a wholesale 'do over' of the prior reports' and there was "no indication [d]efendants [would] need new experts to rebut the revised report." *Id.* at *6. Thus, the court determined that exclusion, or any other Rule 37(c) sanction, was unwarranted. *Id.* at *6-7. In contrast, here, Defendants may need to engage an additional expert to rebut Ms. Harper's analysis given the vastly expanded scope of the New Report. But even if this is not the case, the New Report will at least result in a new rebuttal report from Dr. Brough. Accordingly, Ms. Harper's wholesale "do-over" now requires a wholesale "do-over" from Dr. Brough and, possibly, another expert. Although exclusion of the New Report is unwarranted, it is not harmless.

[38] Fed. R. Civ. P. 37(c)(1)(A).

attempt to stipulate to the amount of the award. If the parties can agree upon the amount, 9 Square shall pay the stipulated expenses award to Defendants within 30 days thereafter. If the parties are unable to agree on the amount, Defendants shall promptly file their affidavit and cost memorandum with the court. 9 Square will be provided with 7 days thereafter to file any response. Upon receipt of any such submissions, the court will determine the amount of the expenses award.

Additionally, the court allows Defendants until June 12, 2024, to determine whether Defendants require another rebuttal expert to respond to the New Report. Thereafter, the parties shall meet and confer as to new expert discovery deadlines and file with the court either a stipulated or contested motion for an amended scheduling order. Accordingly, the court GRANTS IN PART AND DENIES IN PART Defendants' motion.[39]

IT IS SO ORDERED.

DATED this 22nd day of May 2024.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[39] ECF No. 60.